IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTORIA VEBELL, individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>VERDE ENERGY USA, INC.,<br><br>　　　　*Defendant*. | Case No.<br><br><br><br><br><br><br>JANUARY 5, 2015 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Victoria Vebell ("Vebell") brings her Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Verde Energy USA, Inc. ("Verde") to stop Defendant's practice of making unsolicited phone calls to the telephones of consumers nationwide who have placed their phone numbers on the do not call registry and to obtain redress for all persons injured by their conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.　Defendant Verde is an energy supplier who offers electricity supply to consumers following the energy deregulation in several states.[1]

2.　Defendant repeatedly made (or directed to be made on their behalf) unsolicited telephone calls to Plaintiff and the other members of the putative Class' telephones for the express purpose of marketing their electricity supply products to consumers, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

---

[1] *See* https://www.linkedin.com/company/verde-energy-usa-inc

3. By making the telephone calls at issue, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their telephone carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Victoria Vebell is a natural person and citizen of the State of Connecticut.

6. Defendant Verde Energy USA, Inc. is a corporation with its principal place of business located in Norwalk, Connecticut. Defendant Verde regularly does business in the state of Connecticut and nationwide.

**JURISDICTION AND VENUE**

7. The Court has personal jurisdiction over Defendant because Defendant principal place of business is located within this District and Defendant committed the tortious acts in this District.

8. Venue is proper because Defendant does business in this District and the causes of action arose, in substantial part, in this District. Additionally, Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

9. Defendant Verde sells energy products to consumers.[2]

10. On information and belief, part of Defendant's strategy for increasing its sales is to engage in telemarketing. In their zeal to market though, they systematically called consumers who did not consent to receive telemarketing calls and who were registered on the do not call registry.

11. Defendant made (and continues to make) these telemarketing calls to consumers nationwide without their prior express consent to do so. Additionally, Plaintiff alleges that Defendant does not crosscheck or scrub its calling list for numbers registered on the National Do Not Call Registry.

12. Verde's unsolicited telemarketing has led to significant backlash from consumers. Online forums are replete with consumers who have identified the telemarketing calls from Verde and who have voiced their frustration at receiving such calls from phone numbers they have identified as coming from Verde which include: 610-455-2061, 888-264-7739, 203-930-9760, 440-295-9420. A sample of some of the complaints include:

- "I registered my complaint re repeated calls on behalf of Verde Energy and asked for that they stop immediately."[3]

- "Verde energy co. called me repeatedly, never leaving a message. Once a person asked for my PECO account number & said they'd give me a $50 rebate. I said NO. A week later they called again."[4]

- "If people are on the do not call list, that means you DO NOT CALL them."[5]

---

[2] *See* www.verdeenergyusa.com
[3] *See* http://800notes.com/Phone.aspx/1-888-264-7739
[4] *See* http://800notes.com/Phone.aspx/1-888-264-7739/2

- "Called continuously without leaving a message. How do you get these people to stop the harassment?"[6]

- "I get at least 2 calls a week from this number!!!!  They are required to abide by the rules (haha) of Do Not Call!!!!!  Besides political and charity unless you do business with them they are NOT allowed to call you!!!!"[7]

- "Harassment from this company every day, 7 days a week. sick of it."[8]

- "This is PHONE HARRASSMENT and it needs to be stopped."[9]

- "Verde Energy trying to lower my electric bill. Called on my cell phone which is on DNC list, how is this allowed?!"[10]

- "We are on the DNC registry have received numerous calls from this number it is an electric company in CT trying to sell you "low cost" energy.  I have asked them to not call again and remove our number from their database several times.  They called again this morning."[11]

13.     Likewise, Defendant places repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their phone numbers on the Do Not Call list for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

14.     Defendant is fully aware that these calls are being made through its own efforts and carried out through its own in-house call center.

---

[5] *See* http://800notes.com/Phone.aspx/1-610-455-2061/2
[6] *See* http://800notes.com/Phone.aspx/1-888-264-7739/2
[7] *See* http://800notes.com/Phone.aspx/1-203-930-9760/2
[8] *See* http://800notes.com/Phone.aspx/1-888-264-7739
[9] *See* http://800notes.com/Phone.aspx/1-610-455-2061/3
[10] *See* http://800notes.com/Phone.aspx/1-440-295-9420
[11] *See* http://800notes.com/Phone.aspx/1-203-930-9760/2

15. Defendant knowingly made (and continues to make) these telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF VICTORIA VEBELL**

16. Starting in or around July 2014, Plaintiff Vebell began receiving multiple calls on her landline telephone from the phone number (860) 359-4133.

17. Plaintiff did not answer the calls that rang to her residential telephone but rather called the phone number back to figure out who was calling. The voice message on the call back number stated "Thank you for calling Verde Energy, we've been trying to reach you for marketing purposes, we'll try you again later." Since Plaintiff had never consented to receive marketing calls from Verde she continued to ignore their intrusive calls.

18. Plaintiff Vebell does not have a relationship with Defendant, has never submitted her telephone number to Defendant, or requested that Defendant call her or offer her their services. Simply put, Plaintiff has never provided her prior express consent to Defendant to place calls to her.

19. Plaintiff's landline telephone number XXX-XXX-5031 has been registered with the National Do Not Call Registry since June 18, 2010, for the explicit purpose of avoiding telemarketing calls just like those alleged in this case.

20. Since July 2014, Plaintiff has received no less than six phone called from Defendant.

21.     Defendant was and is aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class of similarly situated individuals and entities defined as follows (the "Class"):

> All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) for whom Defendant have no record of consent to place telemarketing calls promoting Defendant's products or services to him or her; (3) who received more than one telephone call promoting Defendant's products or services; (4) within any 12-month period.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiff's counsel and Defendant's counsel.

23.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant have made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

24.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and they have retained counsel competent and experienced in

complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

25. **Appropriateness**: This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practice of making unsolicited telemarketing calls apply to and affect the members of the Class uniformly, and Plaintiff's challenge to those practices hinges on Defendant's conduct with respect to each of the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      (a)    Whether Defendant's conduct constitutes a violation of the TCPA;

(b) Whether Defendant systematically made telephone calls to members of the Class who did not previously provide Defendant with their prior express consent to receive such telephone calls;

(d) Whether Defendant systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry; and

(e) Whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of Plaintiff and the Class)

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. 47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

29. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to " . . . (2) A residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

30.     47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

31.     47 C.F.R. § 64.1200(d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. The period may not exceed thirty days from the date of such request . . ..
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a

telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

32. Defendant violated § 64.1200 (c) by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendant, as set forth in § 64.l200 (d)(3).

33. Defendant and/or their agents made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant.

34. Defendant violated § 64.1200 (d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as

alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

36. To the extent Defendant's misconduct is determined to be wilful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Victoria Vebell, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Victoria Vebell as the representative of the Class as stated above, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and,

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**VICTORIA VEBELL**, individually and on behalf of Class of similarly situated individuals,

By: /s/ Frances Codd Slusarz

                         Frances Codd Slusarz   (CT24442)
                         The Slusarz Law Firm, LLC
                         16 Tobins Court
                         Danbury, CT 06810
                         Tel: 203 542-0724
                         Fax: 203 349-2063
                         Email: frances@slusarzlaw.com
                         *Attorney for Plaintiff Victoria Vebell,* individually and on behalf of Class of similarly situated individuals.

\*Stefan L. Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Blvd, 28th Floor
Miami, FL 33131
Tel: 877.333.9427
Fax: 888.498.8946

\*Motion for admission *pro hac vice* to be filed.